Mr. Randall L. Williams, Chairman Arkansas Board of Correction and Community Punishment P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Williams:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified as A.C.A. § 25-19-101 et seq. (Repl. 1992 and Supp. 1993). Your specific questions are as follows:
 1. Can the BCCP convene in executive session, after a regularly scheduled meeting, to review applications and develop a list of applicants to interview?
 2. If the BCCP does develop a list during such a meeting, when we reconvene in regular session, are we required to release the list?
 3. What information regarding the applicants is subject to Freedom of Information? Do we have to provide a list of applicants? If so, what does the list have to include: addresses, resumes, telephone numbers?
The answer to your first question is "yes." This answer is based upon the assumption that the meeting is held to consider individual applicants. See Op. Att'y Gen. 76-141 (concluding that the Board of Correction may meet in executive session to screen and review applications for the chief executive of the Department.) The FOIA permits executive sessions "for the purpose of considering employment [or] appointment . . . of any public officer or employee." A.C.A. § 25-19-106(c)(1) (Repl. 1992). The meeting must, however, revolve around a specific individual or individuals, and not policies. See Ops. Att'y Gen. 91-070 and 87-080.
It is my opinion that the answer to your second question is "yes." This office has previously opined that employment applications are "public records" under the FOIA (see A.C.A. §§25-19-103 (Repl. 1992) and -105 (Supp. 1993)), and thus generally subject to public inspection and copying. See Op. Att'y Gen.93-114 (copy enclosed). A list of applicants to interview would, similarly, constitute a public record under the FOIA. And in my opinion, there is no provision that would permit withholding such a list from release under the act. Even if it was judicially determined that such a list constituted a "personnel record," it is my opinion that disclosure would generally not constitute a clearly unwarranted invasion of personal privacy.[1]
With regard to the first part of your third question, a conclusive response would require a case-by-case determination. As noted above, this office has previously opined that employment applications are not "personnel records" under the FOIA. Accordingly, it is my opinion that the "clearly unwarranted invasion of personal privacy" test is not applicable. See
A.C.A. § 25-19-105(b)(10). It is possible, depending upon the particular information involved, that the constitutional right to "disclosural privacy" would have to be considered. Seegenerally McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) and Op. 93-114 at 5. It would seem to require unusual circumstances, however, for material in an employment application to involve such a constitutional protection. As a general matter it is my opinion that employment applications are subject to disclosure.
In response to the second part of your third question, while it is my opinion as stated above that the list would generally be subject to disclosure under the FOIA, there is no requirement that such a list be created. A public agency is not required to create or acquire records in response to an FOIA request.[2] Ops. Att'y Gen. 87-211 and 91-208.
With regard to the third part of this question, as stated above, there is no requirement that such a list be created or compiled. If, however, a list does in fact exist, it is my opinion that the "disclosural privacy test," referenced above, will apply in considering whether any particular information should be deleted. This test is discussed in Opinion 93-114 at 5-6, a copy of which is enclosed for your review. A conclusive determination would, of course, require a case-by-case review. As noted above, however, it would probably require unusual circumstances to trigger constitutional protection. Addresses, resumes, and telephone numbers would, in my opinion, generally be subject to disclosure, although the deletion of unlisted telephone numbers would probably be warranted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It was noted in Opinion 93-114 that among the circuit courts that have considered the issue, there is a split in the decisions whether employment applications are to be considered public records that are subject to disclosure, or "personnel records" which are exempt from inspection and copying "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Op. 93-114 at 2, citing A.C.A. §25-19-105(b)(10) (Supp. 1993) and J. Watkins, The ArkansasFreedom of Information Act 86-87 (mm Press 1988). As noted in Opinion 93-114, therefore, a definitive answer concerning employment applications as "personnel records" may require an appellate court ruling. This office has consistently opined, however, that they are not personnel records.
[2] Of course, if any FOIA request is made for the applications of those to be interviewed, such records must be made available. Additionally, it should be recognized that the Board must reconvene in public session to present and vote on any resolution or motion arrived at in the executive session. A.C.A. §25-19-106(c)(4). Thus, any resolution or motion to interview certain applicants would be voted on in a public session.